Joao Batista COSTA, Petitioner,

v.

Melvin WILLIAMS, Superintendent, Wyoming Correctional Facility, Respondent.

No. 93 Civ. 2989 (VLB).

United States District Court, S.D. New York.

Sept. 13, 1993.

Joao Batista Costa, pro se.

Bonnie M. Mitzner, Asst. Dist. Atty., Monticello, NY, for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

■ Joao Batista Costa ("petitioner") has filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254 seeking relief from his sentence to 4 to 12 years imprisonment upon conviction in New York State Supreme Court, Sullivan County on July 1, 1991 for criminal sale of a controlled substance in the third degree. Petitioner argues that the interpreter present during his plea spoke only Spanish whereas petitioner was Portuguese.

Petitioner's counsel was present at the plea (see Tr. of plea at 2). Nothing in either the petition or the transcript of plea suggests that either petitioner or his counsel ever requested a Portuguese interpreter. Counsel never indicated that petitioner was unable to communicate with the interpreter or wished a Portuguese interpreter. There is no suggestion that the ultimate purpose of interpretation—understanding of the proceedings—was not fulfilled or that petitioner pleaded guilty unintentionally.

Petitioner is recorded in the transcript (Tr. 2-9) as giving detailed answers to the court's questions. This required ability of petitioner and the interpreter to communicate.[1]

The only explanation for petitioner's statements recorded in the transcript of the plea absent such communication would be substantial fabrication of petitioner's answers by the interpreter with the ignorance or complicity of defense counsel. Such a bizarre state of affairs is neither alleged by petitioner nor plausible.

Such fabrication had it occurred would have required the interpreter to make up plausible answers on the spot, not obtained from petitioner, in reply to the court's queries, and in that connection to take a substantial risk with little reason for doing so; no motive for such misconduct has been suggested. Fabrication of answers by the interpreter would also have necessitated petitioner's attorney to have been completely derelict in performing the duty of representation, to such an extent as to have been unable to understand petitioner and hence unable to disclose that the answers given by the interpreter were fabricated. None of these events is claimed to have occurred.

Petitioner also provides no explanation for his own failure to protest inability to communicate with the interpreter; he makes no claim that he was entirely *incommunicado* so that he could not tell anyone what was happening.[2]

### II

Petitioner's underlying complaint appears to be that the interpreter was not certified to handle cases such as his. The Petition, item C on page 6 states: "The interpreter was not legally qualified to act as an interpreter in the petitioner's case and to advise him of rights. The interpreter in the petitioner's case was never qualified to act as such, had never taken an oath of office constitutionally required to be a temporary interpreter, and by law, this negligence denied the petitioner his Constitutional Rights under the Sixth and Fourteenth Amendments of the United States to have effective counsel."

Inability to understand the proceedings on the part of petitioner would have constituted a constitutionally viable claim; such a claim has not been established or even asserted here. There is no suggestion that petitioner's counsel could not communicate with petitioner or that he failed to explain petitioner's rights to petitioner.

Petitioner's complaint is essentially that the correct means to the end of adequate communication were not employed, rather than that the end was not achieved. While the tendency to substitute means for ends is

---

1. Petitioner claims not to speak Spanish but never states directly that he was unable to communicate with the interpreter. Since petitioner has the burden of establishing entitlement to relief, I draw the inference that petitioner's knowledge of Spanish even if incomplete was sufficient to permit petitioner to communicate effectively concerning the matters discussed.

2. The petition is written in English and signed by petitioner without any indication that an interpreter was used or necessary.

a tempting one, it is contrary to harmless error principles and to the "necessary and proper" principle which permits any reasonable means to achieve an end.

Petitioner makes the common error of assuming that every procedural irregularity constitutes a constitutional violation. Acceptance of this assumption would mean that if a missed beat can be detected anywhere in the intricacies of criminal procedure, the proceedings will be negated even if no objection was made at the time and the missed beat (or technical lapse) had no adverse effects. *Per se* prejudice justifying vacatur of a guilty plea, of a conviction, or of a sentence is not called for by anything in the Constitution of the United States in regard to any events occurring in this case as set forth in the petition in light of the transcript of petitioner's plea of guilty.

■ Any violations of state law in connection with the interpretation of petitioner's plea would be matters for the state courts, which found no basis for vacating the plea. Federal procedures for interpreters as set forth in 28 U.S.C. §§ 1827–1828, discussed in 1988 U.S.Code Cong. & Admin.News 5982, 6018 are applicable to federal proceedings but they are neither constitutional in nature nor required to be followed in state courts. See generally Astiz, "A Comment on Judicial Interpretation of the Federal Courts Interpreters Act," 14 Just Sys J No 1 at 103 (1990); 28 CFR 24.1; Fed.R.Evid. 604; in another context, see Shipley, "The Deaf Witness," 14 Litigation No 1 at 35 (ABA Fall 1987).

The presence of certain specific means to secure fairness in adjudication, such as availability of counsel for defendants in criminal cases, have been determined under the Constitution to be required, and the absence of such means is deemed to be so inherently prejudicial that no harmless error analysis is appropriate. No such constitutional violation has been claimed or is consistent with the transcript of plea.

### III

The petition is denied. The clerk is directed to close this case.

I decline to issue a certificate of probable cause pursuant to Fed.R.App.Proc. 22; any appeal from this decision would not be taken in good faith as required by 28 U.S.C. § 1915(a).

### IV

■ I reached the merits in this case without separate examination of exhaustion of state remedies. If even a cursory examination of the petition had suggested the possibility of substantive merit I would, of course, have had to consider whether state remedies had in fact been exhausted (28 U.S.C. § 2254(b)). I have applied the criteria set forth in *Washington v. James,* 996 F.2d 1442 (2d Cir.1993). By determining this issue now, I further the interests of federalism by avoiding further litigation on a nonmeritorious contention.

SO ORDERED.